### ROSENTHAL *v.* ROSENTHAL.

*(Supreme Court, General Term, First Department.   June 6, 1890.)*

PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

Where the complaint, in an action to recover a sum of money deposited with defendant for investment, which was not made, fails to aver the date of demand, a motion to make more certain and definite will be granted.

Appeal from circuit court, New York county.

Action by Fannie Rosenthal to recover from Joseph Rosenthal money deposited with him for investment which he failed to make.   Petition averred demand.   Motion to make complaint more definite and certain by inserting date of demand granted.   Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Jonas F. Mann,* for appellant.   *Wm. M. Cohen,* for respondent.

BRADY, J.   The plaintiff seeks to recover a sum of money deposited with the defendant for investment by him for her, or to be returned to her, and in

the complaint alleging this understanding, and his failure to make an investment, avers a demand. The defendant moved for an order compelling the plaintiff to make the complaint more definite and certain, by inserting the time when the demand was made and the application was granted. The order made in the court below was properly directed. The defendant was entitled to knowledge of the time and place of the demand. If that ceremony or incident is a necessary factor of the plaintiff's case, it should be so averred that the defendant may not only answer it, but be prepared to meet it. It is not an answer that the requirement demands an expose of the plaintiff's evidence. It does not relate to the manner of proof, but to the complete averment of a fact, namely, the time of the occurrence of an important part of the plaintiff's case, and which, being given, may have an equally important bearing upon the answer to be made by the defendant. The Code requires a plain statement of facts in the complaint, and in such detail as will advise the defendant of the claim urged against him. If this be not done, the court may compel the plaintiff to make it more definite and certain, and this is in accord with the general spirit of the Code. Aside from that, the statement asked here should have been given. If it had been, the court below and this court would have been relieved of the necessary burden of hearing and deciding the application and appeal. It too frequently happens that motions which should be wholly unnecessary are made, and appeals equally unnecessary are taken, but which are forced from a disposition to suppress information which should be given in the fair conduct of an action,—a characteristic, doubtless, arising from overprofessional zeal, but which is of no value to the client, often an expense, and is a disturbance of the regular order of procedure. It is not deemed necessary to examine the authorities bearing upon this question, which are numerous, and to some extent discordant, and naturally so, as the applications vary, and it is not possible to formulate a general rule. Discretion substantially must be the prevailing doctrine, and here it was properly exercised. If not, then, as each case may be said to be *sui generis*, the indefiniteness must depend upon the general features and allegations of the complaint taken in connection with that objection. The order made herein, however, was not erroneously directed, and should be affirmed, with $10 costs and disbursements of this appeal.

VAN BRUNT, P. J., and DANIELS, J., concur in the result.